People v Clark (2025 NY Slip Op 03471)

People v Clark

2025 NY Slip Op 03471

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND NOWAK, JJ.

445 KA 21-01152

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRANDON CLARK, DEFENDANT-APPELLANT. 

PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.
TODD C. CARVILLE, DISTRICT ATTORNEY, UTICA (MICHAEL A. LABELLA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered March 16, 2021. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of murder in the second degree (Penal Law § 125.25 [1]). Contrary to defendant's contention, County Court did not abuse its discretion in denying his motion to withdraw his plea of guilty after a hearing (see CPL 220.60 [3]). Defendant asserts that his plea was rendered involuntary by certain advice provided by defense counsel. However, both the hearing testimony from defendant's former defense counsel and defendant's own statements during the plea colloquy belie that allegation (see People v Henderson, 169 AD3d 1521, 1522 [4th Dept 2019], lv denied 33 NY3d 977 [2019]; see also People v Parish, 220 AD3d 1159, 1160 [4th Dept 2023], lv denied 40 NY3d 1040 [2023]). To the extent that defendant's hearing testimony conflicted with that of his former defense counsel, the court likewise did not abuse its discretion in resolving any credibility issues that were created (see Henderson, 169 AD3d at 1522; People v Colon, 122 AD3d 1309, 1310 [4th Dept 2014], lv denied 25 NY3d 1200 [2015]).
Assuming, arguendo, that defendant's waiver of the right to appeal does not encompass his present challenge to his sentence (see generally People v Odle, 233 AD3d 1502, 1503 [4th Dept 2024], lv denied 43 NY3d 965 [2025]), we conclude that the sentence is not unduly harsh or severe.
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court